IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | | |
| Plaintiff, | | **8:25CR214** |
| v. | | |
| JESSE L. DURAND, | | **MEMORANDUM AND ORDER** |
| Defendant. | | |

On December 9, 2025, a federal grand jury charged defendant Jesse L. Durand ("Durand") with being (1) a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(8) ("Count One"), and (2) an unlawful user of a controlled substance in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(3) and 924(a)(8) ("Count Two"). He was arraigned on those charges a few days later (Filing No. 39).

Before the Court is Durand's Motion to Dismiss Counts One and Two of the Superseding Indictment and Request for a Hearing (Filing No. 41). *See* Fed. R. Crim. P. 12(b)(3). Durand argues those counts should be dismissed "because prosecutions under §§ 922(g)(1) and 922(g)(3) are unconstitutional as applied to [him], a violation of his Second Amendment right to bear arms." The government rejects Durand's constitutional interpretation and opposes his motion (Filing No. 43).

The Court referred the motion to a magistrate judge[1] for initial review. *See* 28 U.S.C. § 636(b)(1)(B) (authorizing such referrals of dispositive motions); Fed. R. Crim. P. 59(b)(1) (same). On January 21, 2026, the magistrate judge issued a Findings and Recommendation (Filing No. 44) recommending the Court deny Durand's motion as to Count One and defer ruling on the motion as to Count Two until trial. In making those

---

[1]The Honorable Michael D. Nelson, United States Magistrate Judge for the District of Nebraska.

recommendations, the magistrate judge analyzed recent Second Amendment precedent from the Supreme Court and Eighth Circuit. He concluded the questions necessary to resolve Durand's as-applied challenge to § 922(g)(3) could not be answered before trial. *See United States v. Grubb*, 135 F.4th 604, 607 (8th Cir. 2025) (concluding "that a 'trial on the merits' was needed to decide [the defendant's] pretrial motion to dismiss the indictment"); *United States v. Baxter*, 127 F.4th 1087, 1091 (8th Cir.), *cert. denied*, 146 S. Ct. 294, 223 L. Ed. 2d 120 (2025) ("If . . . ruling on the as-applied challenge requires 'resolving factual issues related to [the defendant's] alleged offense, such as the extent of his drug use,' then resolution of the issue is likely improper before trial."). In reaching that conclusion, he rejected the government's assertion that he could decide the issue based on the existing record, including Durand's criminal history, the magistrate judge's detention decision in this case, and the factual circumstances of Durand's arrest and ongoing prosecution.

The government's response to the Findings and Recommendation presents something of a mixed bag (Filing No. 67). It urges the Court to adopt the magistrate judge's recommendation on Count One but "objects to the magistrate judge's finding that the Government did not prove that all unlawful users of methamphetamine, including Durand, are properly disarmed consistent with the Second Amendment." As such, it "requests that the district court find that unlawful users of methamphetamine are part of a class for which § 922(g)(3) is always constitutional as applied." *See United States v. Perez*, 145 F.4th 800, 806-07 (8th Cir. 2025).

Failing that, the government concurs with the magistrate judge's recommendation to defer a decision on Count Two. Finally, the government seeks to preserve "its argument that because the Second Amendment only extends to 'law-abiding' citizens, and because Durand is not a 'law-abiding' citizen, the Motion to Dismiss should be denied in its entirety." *See United States v. Jackson*, 110 F.4th 1120, 1127 (8th Cir. 2024), *cert. denied*, 145 S. Ct. 2708 (2025) (discussing the argument).

For his part, Durand objects to the magistrate judge's refusal to hold an evidentiary hearing and his recommendation to deny Durand's motion as to Count One (Filing No. 68). He is aware of the state of the law in the Eighth Circuit after *Jackson*, 110 F.4th at 1125, 1129, but objects "[t]o preserve the issue for appellate review." *See also United States v. Sharkey*, 131 F.4th 621, 622 (8th Cir. 2025) (reiterating that circuit precedent forecloses as-applied challenges to § 922(g)(1)). He hopes the Supreme Court will resolve an apparent circuit split in his favor.

As for deferring a decision on Count Two, Durand would still prefer dismissal post haste. He argues that requiring a defendant to go to trial to resolve the Second Amendment issues "turns Rule 12 on its head." He reiterates his request that both counts be dismissed.

Section 636(b)(1) requires this Court "to make a de novo determination of those portions of the . . . specified proposed findings or recommendations to which objection is made." *Accord* Fed. R. Crim. P. 59(b)(2), (3). The Court can then "accept, reject, or modify . . . the findings or recommendations," receive additional evidence, "or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 626(b)(1).

Here, the requisite de novo review reveals binding circuit precedent on Count One, *see Jackson*, 110 F.4th at 1125, 1129, and considerable legal and factual uncertainty on Count Two, *see*, *e.g.*, *United States v. Ledvina*, No. 24-2441, 2026 WL 321431, at *5 (8th Cir. Feb. 6, 2026) (remanding "for the district court to reassess [the defendant's] as-applied challenge in accordance with our recent precedents"); *id.* (Stras, J., concurring); *id.* at *6 (Colloton, C.J., concurring in part and dissenting in part) ("The state of the law in this circuit concerning § 922(g)(3) is untenable."). Given that uncertainty and what the Eighth Circuit has said so far about as-applied challenges under the Second Amendment, the Court finds no compelling reason on this record to reject the magistrate judge's Findings and Recommendation and try to resolve these tangled issues pretrial. *See Baxter*, 127 F.4th at 1090 (explaining "Rule 12 allows district courts to make some factual findings so long as it states them on the record, but not when an issue is 'inevitably bound up with evidence

3

about the alleged offense itself'" (quoting *United States v. Turner*, 842 F.3d 602, 605 (8th Cir. 2016))); *United States v. Cooper,* 127 F.4th 1092, 1094 (8th Cir.), *cert. denied*, 146 S. Ct. 348 (2025) (remanding so the parties could supplement the "thin" factual record that resulted from a bench trial on stipulated facts and the district court could determine whether "keeping firearms out of the hands of drug users" violated the defendant's Second Amendment rights).

That said, the Court finds good reason for one modification. Rather than defer ruling on Durand's pending motion to dismiss Count Two, the Court will deny the motion, subject to timely reassertion under Federal Rule of Criminal Procedure 29 after trial. Because this procedural denial does not depend on the resolution of disputed factual issues, the Court need not make "essential findings on the record." Fed. R. Crim. P. 12(d). The operative fact in this case is that the factual record is not sufficiently developed to make a well-reasoned decision on Durand's as-applied challenge to § 922(g)(3).

In the Court's view, Durand has fully preserved these issues to this point. Of course, things could change if he changes his plea and waives his right to pursue his Second Amendment claim. *See*, *e.g.*, *United States v. Loftin*, 134 F.4th 1007, 1008 (8th Cir. 2025) ("The district court did not rule on [an] as-applied challenge to the statute because the issue could not be determined without a trial on the merits, and [the defendant] waived the as-applied challenge by pleading guilty."). We can cross that bridge if and when we come to it.

In light of the foregoing,

IT IS ORDERED:
1. The government's objections (Filing Nos. 67, 70) and defendant Jesse L. Durand's objections (Filing No. 68) are denied.
2. The magistrate judge's Findings and Recommendation (Filing No. 44) is accepted as modified.
3. Durand's pretrial Motion to Dismiss Counts One and Two of the Superseding Indictment (Filing No. 41) pursuant to Federal Rule of Criminal

Procedure 12(b)(3)(B) is denied without prejudice to timely reassertion after the factual record is developed at trial.

Dated this 3rd day of March 2026.

BY THE COURT:

Robert F. Rossiter, Jr.
Chief United States District Judge