IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

UNITED STATES OF AMERICA,

Plaintiff,

v.

JESSE L. DURAND,

Defendant.

**8:25CR214**

**FINDINGS OF FACT**

The Court held trial in this matter on August 18, 2026. Assistant United States Attorney Jody Mullis represented the government. Federal Public Defender Richard McWilliams represented defendant Jesse L Durand ("Durand"). These findings supplement those the Court made on the record at trial. After a thorough colloquy, defendant Jesse L Durand ("Durand") knowingly and voluntarily waived his right to a jury trial on the advice of counsel, and the matter proceeded as a bench trial.

Durand was charged in a two-count Superseding Indictment (Filing No. 34). Count I charged him with being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(8). Count II charged him with being an unlawful user of a controlled substance in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(3) and 924(a)(8). Before admitting evidence on Count I, the Court dismissed Count II on the government's motion.

Government Exhibits 1-11 were offered and received in evidence without objection. Exhibit 1 is a photograph of the firearm found in Durand's possession and identified in the Superseding Indictment—a Hy Hunter Inc. Frontier Six-Shooter, .22 caliber, S.L.L.R. revolver, Serial Number 11076. Exhibits 2 through 7 are copies of Durand's prior felony convictions. Exhibits 8 through 11 are the factual stipulations of the parties.

Having carefully reviewed the evidence, the Court makes the following findings of fact:

1. Before September 13, 2025, Durand had been convicted of an offense punishable by at least one year of imprisonment. Specifically, Durand had been convicted of each of the six offenses listed in Count I of the Superseding Indictment.
2. On September 13, 2025, Durand knew that he had previously been convicted of these offenses and knew that these offenses were punishable by more than one year of imprisonment.
3. On September 13, 2025, Durand, having been convicted of these prior offenses knowing that he had been convicted of these offenses and knowing that these offenses were each punishable by more than one year of imprisonment, did knowingly possess a firearm, *to wit*; a Hy Hunter Inc. Frontier Six-Shooter, .22 caliber, S.L.L.R. revolver, Serial Number 11076, in Omaha, Nebraska, which is in the District of Nebraska. The firearm qualifies as a "firearm" under 18 U.S.C. § 921(a)(3) in that it is a weapon which will or is designed to or may readily be converted to expel a projectile by the action of an explosive.
4. The firearm was manufactured outside the State of Nebraska and, as such, traveled in interstate commerce.
5. Durand's possession of the firearm was unlawful.

Based on the foregoing, the Court finds the government has established beyond a reasonable doubt that Durand is guilty of the crime of being a felon in possession of a firearm as charged in Count I of the Superseding Indictment. The Court further finds that the firearm Durand admittedly possessed any related ammunition shall be forfeited as alleged in the Forfeiture Allegation. *See* 28 U.S.C. § 2461(c).

Dated this 19th day of August 2026.

BY THE COURT:

Robert F. Rossiter, Jr.
United States District Judge